IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE LETTER OF REQUEST | ) | |
| FROM LATVIA | ) | |
| IN THE MATTER OF | ) | Misc. No. 07- |
| E & W TRADING GROUP, L.L.C. | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Latvia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Latvian authorities who are investigating a case of alleged tax evasion, conducting business without a business license and money laundering.

EVIDENCE SOUGHT:

The Latvian authorities seek information from the Delaware Secretary of State's Office and a company in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Latvia and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 6/1/02





LATVIJAS REPUBLIKAS PROKURATŪRA
# ĢENERĀLPROKURATŪRA
Reģ.Nr. 90000022859, Kalpaka bulvārī 6, Rīgā, LV-1801
tālr. 7044400, fakss 7044449, e-pasts: gen@lrp.gov.lv

RIGA

April " 5 ", 2007
Our ref.: 1/1-10-14-07/784
(please repeat when responding)

Office of International Affairs
Criminal Division
United States Department of Justice
Washington, D. C. 20530

Subject:   Mutual Legal Assistance Request

Enclosures:   Request for Assistance No.14.1./10 of February 1, 2007
in Criminal Case No.15830114905 made by the
Finance Police Board of the State Revenue Service
(accompanied by translation from Latvian into English)

Dear Madam or Sir,

The Central Authority of the Republic of Latvia with reference to the *Treaty Between the Government of the United States of America and the Government of the Republic of Latvia on Mutual Legal Assistance in Criminal Matters* of June 13, 1997 has the honor of requesting assistance.

You are kindly requested to intercede with the appropriate authorities in order to execute the enclosed request.

Please notify us about the outcome. Thank you in advance for your cooperation with this request.

Yours faithfully,

182-26003

Prosecutor General of the Republic of Latvia



Janis Maizitis

*Translated from Latvian*

THE REPUBLIC OF LATVIA

# STATE REVENUE SERVICE

1, Smilšu Street, Riga, LV-1978, phone 7028703, phone/fax 7028704

Riga

01.02.2007  No. 14.1/10

To the Competent Legal Institution
of the Unites States of America

### On Rendering of Legal Assistance in the Criminal Procedure No. 15830114905

Financial Police Administration of the Republic of Latvia State Revenue Service (hereinafter referred to as SRS) performs pre-trial investigation in the criminal procedure No. 15830114905, qualified under paragraph 2 of Article 207, paragraph 2 of Article 218 and paragraph 2 of Article 195 of the Criminal Law of Latvia (Wording till 28.04.2005).

**Article 207 of the Republic of Latvia Criminal Law.**
Performance of Business without Registration or Special Permit (Licence)

(1) For performance of business without registration or special permit (licence), if the need for it is provided for in the law, or proceeding with operation of an enterprise (company) after the order on suspension of its operation, if such acts have been committed repeatedly within a year,

- a sentence of up to two years of imprisonment, or arrest, or forced labour, or a fine of up to one hundred minimum monthly wages is imposed, disabling the person to perform business activities for the time period of up to three years, or without it.

(2) For performance of business without registration or special permit (licence), if the need for it is provided for in the law, or proceeding with operation of an enterprise (company) after the order on suspension of its operation, if material damage to the state or to the person's rights and interests protected by law has been caused thereby,

- a sentence of up to five years of imprisonment, or property forfeiture, or forced labour, or a fine of up to one hundred and fifty minimum monthly wages is imposed, disabling the person to perform business activities for the time period from two to five years, or without it.

1

### Article 218 of the Republic of Latvia Criminal Law.
Tax and Equal to Tax Payment Evasion

(1) For tax or equal to tax payment evasion, or hiding or decreasing of income, profit or other taxable objects, if these acts are committed repeatedly within a year,

- a sentence of up to three years of imprisonment or arrest, or a fine of up to eighty minimum monthly wages is imposed, disabling the person to perform business activities for the time period from two to five years, or without it.

(2) For tax or equal to tax payment evasion, or hiding or decreasing of income, profit or other taxable objects, if losses to the state or local government at a large amount are incurred thereby,

- a sentence of up to five years of imprisonment or a fine of up to one hundred and twenty minimum monthly wages, with or without property forfeiture is imposed, disabling the person to perform business activities for the time period from two to five years, or without it.

### Article 195 of the Republic of Latvia Criminal Law.
Legalisation of Proceeds from Crime (Money Laundering)

(1) For legalisation of financial or other property related proceeds from crime,

- a sentence of up to three years of imprisonment or a fine of up to one hundred minimum monthly wages, with or without property forfeiture is imposed.

(2) For the same acts if committed in large amount,

- a sentence up to ten years of imprisonment, with property forfeiture is imposed.

The following facts have been clarified during pre-trial investigation: The USA enterprise "E & W Trading Group LLC", legal address: 11260 Willows Grove Road Bldg.2 Camden DE 19934, County of Kent, State Delaware, USA, performing business activities in the Republic of Latvia, hasn't been registered neither in the Enterprises' Register of the Republic of Latvia, nor in the Commercial Register of the Republic of Latvia. In turn, the turnover of resources in the account No. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ belonging to "E & W Trading Group LLC" in the time period starting from January 1, 2003 up to April 10, 2005 was 1 814 503,20 USD. The company has collaborated with Latvian enterprises in realising them goods, as well as in using for its own benefit inhabitants of Latvia, authorising them to sign agreements ion behalf of the company to grant economic activities, as well as using a definite place of activities, which following the Law of the Republic of Latvia "On Taxes and

2

Duties", paragraph 14, requires registration of a foreign company representative office at the Latvian Enterprises' Register and paying taxes.

Taking into account the clarified conditions within the framework of criminal process investigation, a Tax Audit of the mentioned company was designated as a result of which an income tax sum of 22 095,78 Latvian lats had to be paid to the State budget, thus the company's tax evasion was stated.

The criminal process, using the submitted copies of documents, stated, that the citizen of Kazakhstan Valentina Galich, born on May 21, 1931, home address: 15-75 Tatimbet Street, Karaganda, Semipol Region, Kazakhstan, could be the possible owner of the company. In turn, all the deals with Latvian enterprises "E & W Trading Group LLC" was represented by the inhabitant of Latvia Vladimir Galich, identity number ▓▓▓▓▓▓ holding the company seal and in reality operating the company account in the A/S "Parex Banka". Vladimir Galich himself denied his relation to "E & W Trading Group LLC", assuring, that the company is owned by his mother – the mentioned Kazakhstan citizen Valentina Galich, but hadn't been issued any authorisation to act on behalf of the company.

The criminal process also clarified, that cash money was taken from the company account in A/S "Parex Banka" by a physical person not related to the company – a Latvian citizen Yelena Galich, identity number ▓▓▓▓▓▓ who appears to be a wife of the above mentioned Vladimir Galich. Yelena Galich witnessed during the criminal investigation, that the company account I the A/S "Parex Banka" was opened by her husband Vladimir Galich according to the Power of Attorney issued by his mother, as well as the fact that all the company documents were held by V.Galich. Yelena Galich witnessed, that money in cash was removed from the company account by her, as well as by her husband, part of the money was directed to settle coal accounts, but part of money was used for personal needs, possibly to make personal accumulated resources. The money removed from the company by Yelena Galich was returned to her husband.

Thus, Vladimir Galich, by obtaining cash money from non-registered entrepreneurship with documents of the company "E & W Trading Group LLC", as well as by obtaining resources as a result of tax evasion and using those resources for personal accumulations or other personal needs, performed legalisation of proceeds from crime.

Taking into account, that criminal process pre-trial investigation needs to identify legal address of the company "E & W Trading Group LLC", its owners, real profiteers and other characterising information, as well as the need to make the signature expertise, you are asked to render the following information:

1. Is the company "E & W Trading Group LLC" registered as a taxpayer in the USA?
2. Is the company "E & W Trading Group LLC" registered at the legal address: 11260 Willows Grove Road Bldg.2 Camden DE19934, County of Kent, State Delaware, USA?
3. If the mentioned company is (was) registered, please state, who registered that enterprise, for what purpose was it registered and to whom the registration documents of the company was passed over?
4. If the company is removed from the appropriate register and isn't active any more, please state the time of removal.
5. Were there any administrative or criminal violations disclosed during the operation of the company in the USA?

3

6. Has the company "E & W Trading Group LLC" registered itself at the Taxpayers' register and has it paid taxes in the USA for economic deals realised in other countries?

7. Which legal or physical persons appear at present as founders and owners of the company "E & W Trading Group LLC", if any of them being a legal person or a company, please provide information also on founders and owners of that company, as well.

8. Whish persons had been authorised to act on behalf of the company?

9. Is it necessary to be present in person at the appropriate institution to register an enterprise or to become a company owner in the territory of the USA?

10. Has the citizen of Kazakhstan Valentina Galich, born on ▮▮▮▮▮ home address: ▮▮▮▮▮ Karaganda, Semipol Region, Kazakhstan, ever entered the territory of the USA? If yes, when was it?

11. Has Vladimir Galich, identity number ▮▮▮▮▮ ever entered the territory of the USA? If yes, when was it?

12. To examine as witnesses officers of the company "E & W Trading Group LLC" and, in case the founders are legal persons, competent and responsible authorities of those legal persons, as well, asking them the following questions:

- Since when are you working for the enterprise and in which position? What are your work obligations?
- What type of entrepreneurship is the enterprise involved in?
- Has the enterprise dealt with coal purchases and further trade in other countries, if yes, which countries?
- Is it known to the officers, that the company has realised coal to Latvian enterprises?
- Is the Kazakhstan citizen Valentina Galich known to officers, if yes, where and in which circumstances have they met, has that person signed any power of Attorney in their presence?
- Is the Latvian inhabitant Vladimir Galich known to officers, if yes where and in which circumstances have they met?
- We ask you to perform other investigation activities, in case of such a need while fulfilling that request in the territory of the USA.
- To perform expertise of handwritings and signatures you are asked to exempt and submit registration document originals of the company "E & W Trading Group LLC" bearing signatures on behalf of Valentina Galich.
- Following the expertise of handwritings and signatures, originals of documents will be returned.

Let us confirm, that the Financial Police Administration, SRS is competent to receive information of that type including cases if that is demanded by foreign competent institutions.

Annex: Decision on Exemption, on 1 page

Thanking for collaboration,

J.Rancāns           /signature/    /seal/
Senior Investigator,
Financial Police Administration
+371 7365187

4

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST    )
FROM LATVIA                )
IN THE MATTER OF           )   Misc No. 07-
E & W TRADING GROUP, L.L.C.)

## ORDER

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

    3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2007.

_____
United States District Court Judge